REDMANN, Judge.
Defendant appeals from a judgment casting it for the cost of repairing certain defects in a house it constructed for plaintiffs. Plaintiffs answer the appeal, seeking correction of an alleged error as to amount of judgment and inclusion of one additional item.
The judgment awarded $325. Written reasons assigned $200 and $125 for replacement of a formica countertop and cracked sidewalk.
Screws underneath the formica pushed up two quarter-inch mounds in its surface. The only evidence is that the one remedy is replacement, and that cost would be $260. Defendant’s argument that this *358 cost is grossly disproportionate to the defect is a matter which would have been pertinent in compromise negotiations, but does not address itself to the sole questions in issue, namely whether'there is a defect and what is the cost of remedy. A homeowner might voluntarily accept the defect in consideration of a lesser reduction in price, but the court cannot force such a compromise. The owner is entitled to a countertop without defect.
There was conflicting testimony on whether the sidewalk was cracked. At the time the trial judge inspected the premises he obviously saw that it was “badly” cracked, as he described it in reasons for judgment. Defendant argues plaintiff did not prove the cause of the cracking, nor that it was attributable to defendant. In our opinion plaintiff’s burden is met by showing the mere existence of “badly cracked” sidewalks, since this kind of defect is not one that might result from the owner’s use of the sidewalk. The only evidence on repair cost was that it would be $125.
The owners seek to add to their recovery the $335 cost of replacing a bathtub with a chip in its finish. Their lender’s building expert testified that he would not require replacement because the porcelain can be repaired so competently (“there’s only one or two people”) that “even when I look at it, I can’t tell it’s been repaired.” Disregarding the question whether the chip pre-existed the owners’ moving into the house, we conclude the building expert’s testimony sufficiently justified the trial court’s rejection of the replacement claim. There was no evidence on which to base an allowance for cost of competent repair, which might otherwise have been allowable.
Since the only evidence on formica replacement cost was $260, the allowance of only $200 was apparently inadvertent and must be corrected.
The judgment appealed from is amended to increase its principal amount to $385 and as amended is affirmed.